**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

**RONALD NORTHCRAFT,**

      Petitioner,

v.                                 Civil Action No. **3:25CV853 (RCY)**

**CHADWICK DOTSON,**

      Respondent.

**MEMORANDUM OPINION**

Petitioner, a former Virginia state prisoner proceeding *pro se*, brings this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition") challenging his convictions imposed by the Circuit Court for the City of Richmond. Respondent has moved to dismiss on the grounds that Petitioner was not in custody at the time he filed the § 2254 Petition. Petitioner has responded.[1] For the reasons set forth below, the Motion to Dismiss (ECF No. 6) will be GRANTED.

## I. PROCEDURAL HISTORY

A jury convicted Petitioner

> of three counts of grand larceny of a motor vehicle, in violation of Code § 18.2-95, five counts of unlawfully obtaining documents from the Department of Motor Vehicles ("DMV"), in violation of Code § 46.2-105.2(A), five counts of making a false statement on an application for a certificate of title, in violation of Code § 46.2-605, one count of money laundering, in violation of Code § 18.2-246.3(A), and one count of attempted money laundering, in violation of Code §§ 18.2-26, 246.3(A).

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization, punctuation, and spelling in the quotations from the parties' submissions.

ECF No. 8-2, at 1.  On September 20, 2021, the Circuit Court imposed a total sentence of 2 years and 18 months.  ECF No. 8-1, at 2.  Additionally, the Circuit Court imposed a six-month period of post-release supervision.  *Id.* at 3.

Petitioner "fully satisfied his active term of incarceration and was released from [Virginia Department of Corrections'] custody on July 1, 2024.  ECF No. 8-5, at 2.  Petitioner successfully completed his period of post-release supervision on January 1, 2025.  *Id.*

Petitioner filed his § 2254 Petition on October 15, 2025.  ECF No. 1, at 1.

## II.  ANALYSIS

To qualify for relief under 28 U.S.C. § 2254, a petitioner must be in custody.  *See* 28 U.S.C. § 2254(a).  The Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng v. Cook*, 490 U.S. 488, 490–91 (1989) (citing *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968)).  The in-custody requirement is jurisdictional.  *Id.* at 490.  Because Petitioner was not in custody pursuant to the convictions he seeks to challenge at the time he filed the § 2254 Petition, the action will be DISMISSED for lack of jurisdiction.

## III.  CONCLUSION

The Motion to Dismiss (ECF No. 6) will be GRANTED.  Petitioner's Motion to Transfer Venue (ECF No. 5) will be DENIED.  Petitioner's Motion in Opposition to the Motion to Dismiss (ECF No. 14) will be DENIED.  The action will be DISMISSED for lack of jurisdiction.  A certificate of appealability will be DENIED.

An appropriate Final Order shall issue.

_____ /s/
Roderick C. Young
United States District Judge

Date:  May 4, 2026
Richmond, Virginia

2